IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **REH COMPANY LLC,** § § § § § § § § § § § § § § § §  Petitioner, v. **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** Respondent. | **Case No.: 25-1180 (consolidated)** |

## MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rule of Appellate Procedure 15(d), Kern Oil & Refining Co. ("Kern Energy") moves for leave to intervene in support of Respondent the United States Environmental Protection Agency ("EPA"), in opposition to the petitions for review filed by Growth Energy and Renewable Fuels Association ("Biofuels Petitioners") in these consolidated cases. *See* Nos. 25-1226, ECF Dkt. 2142157 (Oct. 24, 2025) (Growth Energy Petition for Review); 25-1228, ECF Dkt. 2142118 (Oct. 24, 2025) (Renewable Fuels Association Petition for Review).[1]

---

[1] Pursuant to D.C. Circuit Rule 15(b), this motion should be deemed a motion to intervene in all appeals that have been filed in this Court involving the same underlying EPA action.

1

Kern Energy submitted petitions to EPA for small refinery hardship relief for various compliance years. EPA granted full or partial exemptions to the petitions for hardship relief submitted by Kern Energy. *See* EPA, August 2025 Decisions on Petitions for Small Refinery Exemptions Under the Renewable Fuel Standard Program, 90 Fed. Reg. 41,829 (Aug. 27, 2025) ("August 2025 Decisions").

Biofuels Petitioners have confirmed in their statements of issues that they intend to challenge various aspects of EPA's August 2025 decisions to grant exemptions to small refineries, including Kern Energy. Biofuels Petitioners contend that EPA's decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *See* No. 25-1180, ECF Dkt. 2417167 at 1-2 (Nov. 25, 2025) (Growth Energy's Statement of the Issues); No. 25-1180, ECF Dkt. 2147414 at 2 (Nov. 26, 2025) (Renewable Fuels Association's Statement of the Issues).

Kern Energy has a significant interest in defending the full and partial grants of hardship relief that EPA granted to Kern Energy in the August 2025 Decisions. Without those hardship exemptions, Kern Energy would suffer disproportionate economic hardship and be forced to incur exorbitant costs for compliance under the RFS. The relief Biofuels

2

Petitioners seek is directly adverse to the interests of Kern Energy. This Court should grant Kern Energy's motion to intervene, so that the Court can consider the perspectives of Kern Energy and other small refineries.

## BACKGROUND

The Biofuels Petitioners have petitioned this Court for review of EPA's August 2025 Decisions. The Biofuels Petitioners include two trade associations for ethanol producers, Growth Energy and the Renewable Fuels Association. *See* No. 25-1226, ECF Dkt. 2142157 at 2; No. 25-1228, ECF Dkt. 25-1228, ECF Dkt. 2142118 at 3. Biofuel Petitioners have clarified that they intend to challenge EPA's grants of full or partial small refinery exemptions. *See* No. 25-1180, ECF Dkt. 2417167 at 1-2; ECF Dkt. 2147414 at 2.

## ARGUMENT

Kern Energy incorporates by reference the arguments contained in the motion for leave to intervene filed on December 30, 2025 by American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; CountryMark Refining; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Par Montana, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S.

3

Oil & Refining Company; Wynnewood Refining Co., LLC; and Wyoming Refining Company. *See* No. 25-1180, ECF Dkt. 2152370 (Dec. 30, 2025) ("December 30 Motion to Intervene"). The Court should grant Kern Energy's motion to intervene for the same reasons explained in the December 30 Motion to Intervene.

In summary, Kern Energy meets all four criteria for intervention as of right under Federal Rule of Appellate Procedure 15(d) and Federal Rule of Civil Procedure 24. *Karsner* v. *Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). Kern Energy also meets the standard for permissive intervention under Rule 24(b)(1)(B). To avoid burdening the Court with repetitive briefing already contained in the December 30 Motion to Intervene, Kern Energy will briefly summarize the points supporting its entitlement to relief.

### I.     Kern Energy is entitled to intervene as of right.

This motion is timely because Kern Energy is moving about 40 days after the Biofuels Petitioners filed their statements of issues, which confirmed their intent to challenge EPA's grants of hardship relief to small refineries, including Kern Energy. *See, e.g.*, No. 25-1180, ECF Dkt. 2147414 at 2 (Nov. 26, 2025). No briefing schedule has been set in this

4

case, so Kern Energy's intervention will not delay these proceedings. Intervention is timely because it does not disrupt any proceeding or prejudice any party.

Kern Energy has a protected interest because it is a regulated party directly subject to the challenged decisions. *Military Toxics Project* v. *EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998).

Biofuels Petitioners seek a judgment that would impair Kern Energy's interests. *Mandan, Hidatsa, & Arikara Nation* v. *U.S. Dep't of Interior*, 66 F.4th 282, 286 (D.C. Cir. 2023). Among other things, Biofuels Petitioners seek to challenge the hardship relief that EPA granted to small refineries, including Kern Energy.

Finally, other parties, including the EPA, do not adequately represent the Kern Energy's interests. This Court "look[s] skeptically on government entities serving as adequate advocates for private parties," and the showing required to establish inadequate representation is "minimal." *Crossroads Grassroots Policy Strategies* v. *FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015). At minimum, representation may be inadequate, which satisfies Rule 24(a)(2).

5

## II. Alternatively, Kern Energy is entitled to permissive intervention.

Even if Kern Energy is not entitled to intervention as of right, the Court should grant permissive intervention in the alternative. Rule 24(b)(1)(B) permits intervention when the movant's "claim or defense" shares a common question of law or fact with the main action. Kern Energy seeks to address the same issues the Biofuels Petitioners present—whether EPA lawfully granted small refinery exemptions—so the common question requirement is satisfied. Permissive intervention would also not "unduly delay or prejudice the adjudication of the original parties' rights" for the reasons explained above. Fed. R. Civ. P. 24(b)(3).

## CONCLUSION

Kern Energy respectfully requests that the Court grant Kern Energy's motion for leave to intervene.

Dated: January 5, 2026                Respectfully submitted,

*/s/ Ian S. Shelton*
Ian S. Shelton
**BAKER & MCKENZIE LLP**
800 Capitol Street, Suite 2100
Houston, Texas 77002
(713) 427-5029 (phone)
(713) 427-5099 (fax)
ian.shelton@bakermckenzie.com

*Counsel for Intervenor*
*Kern Oil & Refining Co.*

7

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 929 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: January 5, 2026

*/s/ Ian S. Shelton*
Ian S. Shelton

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Appellate Procedure 25(d), I hereby certify that the foregoing document was delivered electronically through CM/ECF on all ECF registered counsel of record.

Dated: January 5, 2026

                                            */s/ Ian S. Shelton*
                                            Ian S. Shelton